IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01116-WYD-MEH

UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,

Petitioner

v.

COLORADO BOARD OF PHARMACY,

Respondent.

RESPONDENT'S ANSWER AND RESPONSE TO PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS ISSUED BY THE DRUG ENFORCEMENT ADMINISTRATION

Respondent, the Colorado Board of Pharmacy ("Board"), by undersigned counsel, responds to the Petition to Enforce Administrative Subpoenas as follows:

**Response to Introduction**

The Board admits that the DEA petitions the Court for an order requiring the Board to comply with the three administrative subpoenas described. The Board is without sufficient information to admit or deny that the subpoenas seek records that are relevant to three ongoing investigations or that the DEA seeks enforcement of the subpoenas due to their relevance or that the subpoenas fall within the expansive subpoena authority accorded the DEA.

## Response to Jurisdiction and Venue

The Board admits that this Court has jurisdiction and that venue is appropriate in the Court.

## Response to Background

The Board is without sufficient information to admit or deny the statements in the first paragraph of the Background section

As to Section A, the DEA's investigation as to DEA registrant #1 the Board admits that the subpoena seeks a physician summary of all controlled substance prescriptions issued by DEA Registrant #1 for a specific period of time, that the information is collected and maintained by the Board in connection with the prescription drug monitoring program ("PDMP"), that the return date of the subpoena was April 16, 2010 and that the Board advised the DEA that it did not intend to respond to the subpoena. The Board states that it also stated that it would respond after a court order requiring it to respond. The Board is without sufficient information to admit or deny the reaming statements in section A, DEA Registrant #1.

As to Registrant #2, the Board admits that the DEA sought via subpoena the physician summary for the controlled substance prescriptions issued by DEA Registrant #2, that the return date for the subpoena was March 30, 2010 and that the Board informed the DEA that it did not intend to comply with the subpoena. The Board states that it also stated that it would respond after a court order requiring it to respond. The Board is without

sufficient information to admit or deny the remaining statements in section A, DEA Registrant #2.

As to Registrant #3 the Board admits that the DEA sought via subpoena the physician summary for the controlled substance prescriptions issued by DEA Registrant #3, that the return date for the subpoena was April 19, 2010 and that the Board informed the DEA that it did not intend to comply with the subpoena. The Board states that it also stated that it would respond after a court order requiring it to respond.   The Board is without sufficient information to admit or deny the remaining statements in section A, DEA Registrant #3.

### Response to Section B: The DEA has a Legitimate Law enforcement Need for the Physician Summaries

The Board is without sufficient information to admit or deny the statements in this section of the Petition.

### Argument

A subpoena issued pursuant to 21 U.S.C. § 876 must be reasonable. *See United States v. Phibbs*, 999 F.2d 1053, 1077 (6th Cir. 1993) cert. denied 510 U.S. 1119 (1994) (citing *See v. City of Seattle*, 387 U.S. 541, 544, 87 S.Ct. 1737, 1740, 18 L.Ed2d 943 (1967). And a subpoenaed party can obtain judicial review of the reasonableness of the subpoena. *Id*. (citing *See* at 545). Thus the Board has the right to challenge the subject subpoenas.[1]

---

[1] The Department of Justice cites *United States v. Moffett*, 84 F.3d 1291 (10th Cir. 1996) for the proposition that the statute provides no express right to challenge the subpoenas. While the statute may contain no express right to challenge the subpoenas, clearly the Board has that right.

3

In 2005, the Colorado legislature passed Title 12 Part 7 of the Colorado Revised Statutes, C.R.S. §§12-22-701 through 709 which created the Colorado Prescription Drug Monitoring Program. The program to electronically track prescriptions written for controlled substances in Colorado is called the Prescription Drug Monitoring Program or PDMP. C.R.S. §§12-22-704 (1). The PDMP was created because the legislature found that prescription drug abuse within the United States rivaled abuse of illicit drugs, that prescription drug abuse occurred at times due to deception of authorized prescribers by patients seeking controlled drugs for treatment and the prescriber does not know of the patient's other medical providers and treatments, and the electronic monitoring of controlled substance prescriptions would provide a mechanism whereby prescribers could discover the extent of each patient's requests for drugs and whether other providers have prescribed similar drugs during a similar period of time. C.R.S. §§12-22-701 (1) (a), (b) and (c). This declaration of purpose is "in itself a declaration of public interest and policy." *United States v. Mountain States Telephone and Telegraph Company, Inc.*, 516 F.Supp. 225, 228 (D. Wyo. 19810 (citing *Virginia Railway v. System Federation No. 40*, 300 U.S. 515, 552, 57 S.Ct. 592, 601, 81 L.Ed. 789 (1937)

The prescription drug outlet that fills a controlled substance prescription and the prescriber who prescribes the controlled substance are required to submit information about the prescription to the Board - the date the prescription was dispensed, name of the patient and prescriber, name and amount of the controlled substance dispensed, method of payment and name of dispensing pharmacy. C.R.S. § §12-22-704 (1) and 708. Thus the accuracy of

the information is not controlled by the Board and the Board cannot guarantee that it is accurate because it is reported by third parties, pharmacies and prescribers.

Access to the PDMP and the data is limited. And any person who knowingly releases information from the PDMP in violation of C.R.S. §12-22-701-708 shall be fined between $1,000.00 and $10,000.00. C.R.S. §12-22-707. Colorado Revised Statutes §12-22-705 (3), sets forth those who can query the program. Access is limited to a) Board staff who administer the program, b) licensed practitioners with statutory authority to prescribe controlled substances so long as the query relates to a current patient, c) practitioners engaged in a legitimate program to monitor a patient's controlled substance abuse, d) licensed pharmacists with statutory authority to dispense controlled substances to the extent that the query is relates to a current patient to whom the pharmacist is dispensing to or considering dispensing to a controlled substance, e) law enforcement officials so long as the information is specific to an **individual** and is part of a bona fide investigation and the request is accompanied by a court order or subpoena and f) the **individual** who is the recipient of a controlled substance prescription so long as the information released is specific to such **individual.** (emphasis supplied). §12-22-705 (3) (a-f).

As the use of the term individual in these sub sections e and f demonstrate, the legislature intended that any queries to the PDMP be patient specific, i.e. to law enforcement if "specific to an individual", and to "the individual" who receives the prescription. Thus any query must be limited to a recipient (individual) rather than a prescriber, a pharmacist or a pharmacy.

5

This limitation on PDMP queries is supported by the legislative declaration of the purpose of the act - to provide a mechanism whereby prescribers could discover the extent of each patient's requests for drugs and whether other providers have prescribed similar drugs during a similar period of time. C.R.S. §12-22-701 (1)(c).

Here, the subpoenas do not seek patient or "individual" information but rather information for a physician or other prescriber. The Colorado law creating and implementing the Prescription Drug Monitoring Program and its purpose and policy do not allow the Board of Pharmacy to provide such information and the subpoenas are therefore unreasonable.

## CONCLUSION

For the foregoing reasons, the Colorado State Board of Pharmacy, requests that the Petition to Enforce Administrative Subpoenas Issued by the Drug Enforcement Administration be denied and the subpoenas held for naught.

Respectfully submitted this 23rd day of July 2010

JOHN W. SUTHERS
Attorney General

s/Jack M. Wesoky
JACK M. WESOKY*
Senior Assistant Attorney General
Business & Licensing Section
Attorneys for Defendant

1525 Sherman Street, 7th Floor
Denver, Colorado 80203
Telephone: 303-866-5512
FAX: 303-866-5395
E-Mail: jack.wesoky@state.co.us
*Counsel of Record

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 23, 2010, that I electronically filed the foregoing Respondent's Response with the Clerk of the Court using the CM/ECF system which will send notification of such filing as indicated below:

susan.prose@usdoj.gov

                                            s/Jack M. Wesoky