**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01116-WYD-MEH

UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,

    Petitioner,

v.

COLORADO BOARD OF PHARMACY,

    Respondent.

---

**REPLY IN SUPPORT OF PETITION TO ENFORCE ADMINISTRATIVE
SUBPOENAS ISSUED BY THE DRUG ENFORCEMENT ADMINISTRATION**

---

    Petitioner the United States Department of Justice, Drug Enforcement Administration ("DEA"), respectfully submits this reply in support of its petition for an order to enforce three DEA administrative subpoenas *duces tecum* issued to respondent Colorado Board of Pharmacy ("Board").  Doc. 1.

**THE COURT SHOULD ENFORCE THE SUBPOENAS**

    The DEA issued subpoenas to the Board pursuant to its expansive authority under the Controlled Substances Act.  These subpoenas seek physician summaries of all controlled substance prescriptions issued by three DEA registrants.  This information is contained in an electronic database maintained by the Board.

    The Board did not respond to the subpoenas.  The Board states that a Colorado

1

state law prohibits it from providing the information to the DEA.  The Court should enforce the subpoenas because the subpoena provision of the Controlled Substances Act preempts Colorado law that hinders the DEA's ability to enforce federal drug laws.

## ARGUMENT

## THE DEA'S ADMINISTRATIVE SUBPOENA POWER PREEMPTS COLORADO LAW

**I.     The Board's analysis ignores the supremacy of federal law.**

The subpoenas seek physician summaries of all controlled substance prescriptions issued by three DEA registrants.  *See* Doc. 1 at 2-4; Doc. 1-1 at ¶ 5; Doc. 1-2 at ¶ 6.  The Board maintains this information in an electronic database created pursuant to the Colorado Prescription Drug Monitoring Program, or "PDMP."  Respondent's Answer and Response to Petition to Enforce Administrative Subpoenas Issued by the Drug Enforcement Administration ("Board's Response").  Doc. 13 at 4.  *See also* Colo. Rev. Stat. §§ 12-22-701 *et seq*.

The Board did not produce the subpoenaed documents because it reads Colorado statutory law to prohibit release of the information.  *See* Doc. 13 at 5.  The PDMP statute states that law enforcement officials can access the data "so long as the information released **is specific to an individual** and is part of a bona fide investigation and the request is accompanied by an official court order or subpoena . . ."  Colo. Rev. Stat. § 12-22-705(3)(e) (emphasis added).  *See also* Doc. 13 at 5.  Here, the DEA subpoenas seek information concerning prescribers, rather than individual recipients of prescriptions.

2

Doc. 1-1 at ¶ 5; Doc. 1-2 at ¶ 6. Therefore, according to the Board, the language of the PDMP statute prevents the Board from producing documents in response to the subpoenas. Doc. 13 at 6.

The Board's analysis is incorrect. Federal law preempts state law in this context. Subpoenas issued by the DEA are not required to comply with Colorado statutory law.

**II.    The DEA's subpoena authority preempts Colorado law that interferes with it.**

The Court should enforce the subpoenas because the DEA's subpoena authority to "require the production of any records . . . which the Attorney General finds relevant or material to" an investigation (*see* 21 U.S.C. § 876(a)) preempts Colorado law that purports to restrict production of the subpoenaed information.

The source of the doctrine of federal preemption is the Supremacy Clause, which provides that "the Laws of the United States . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST., Art. VI, Cl. 2. "Pursuant to this provision, it has long been recognized that federal law preempts contrary state enactments." *Chamber of Commerce v. Edmonson*, 594 F.3d 742, 765 (10th Cir. 2010) (citing *McCulloch v. Maryland*, 17 U.S. 316 (1819)). *See also Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000) (Supremacy Clause established the fundamental principle "that Congress has the power to preempt state law").

Preemption can be express—where state law falls within the scope of a federal law

that explicitly precludes state action—or implied. *Edmonson*, 594 F.3d at 765. There are two circumstances in which a federal law may implicitly preempt a state law: "(1) Congress intends to 'occupy the field,' or (2) state law is naturally preempted to the extent it conflicts with a federal statute." *Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008) (quoting *Crosby*, 530 U.S. at 372)). Conflict between a federal and a state law occurs where "compliance with both federal and state regulations is a physical impossibility" or where the state law "stands as an obstacle to the accomplishment and execution of the full powers and objectives of Congress." *Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 204 (1983) (internal quotation marks and citations omitted).

Here, the Colorado statute creates an "obstacle" to execution of the DEA subpoenas issued pursuant to federal law. The federal statute preempts the state statute because Congress intended the DEA to have almost unlimited subpoena authority. *See United States v. Wagoner County Real Estate*, 278 F.3d 1091 (10th Cir. 2002) (congressional intent is the "ultimate touchstone" of the preemption analysis) (quoting *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992)).

The Comprehensive Drug Abuse Prevention and Control Act of 1970 ("Controlled Substance Act"), 21 U.S.C., § 801 *et seq.*, gives the Attorney General and the DEA personnel to whom he delegates the authority broad investigative powers to perform his functions with respect to controlled substances. *See also* 28 C.F.R. Pt. 0, Subpt. R, App.

The Controlled Substances Act places no restrictions on the Attorney General's subpoena power, other than that DEA personnel deem the information sought to be "relevant or material":

> In any investigation relating to his functions under this subchapter with respect to controlled substances, listed chemicals, tableting machines, or encapsulating machines, the Attorney General may subpoena witnesses, compel the attendance and testimony of witnesses, and *require the production of any records* (including books, papers, documents and other tangible things which constitute or contain evidence) *which the Attorney General finds relevant or material to the investigation*.

21 U.S.C. § 876(a) (emphasis added). The statute reflects Congress's intent "to give the DEA broad powers to investigate violations of federal drug laws." *United States v. Moffett*, 84 F.3d 1291, 1293 (10th Cir. 1996).

The DEA has shown that its personnel have determined that the documents sought from the Board are "relevant or material" to the investigation of three DEA registrants. 21 U.S.C. § 876(a). The physician summaries of prescriptions will allow the DEA to review the controlled substance prescriptions filled under the registrants' DEA numbers. Doc. 1-1 at ¶ 5; Doc. 1-2 at ¶ 6. This information is critical to the DEA's evaluation of potential improper prescription-writing practices. *Id.* The summaries will assist the DEA in determining whether the registrants engaged in criminal conduct or administrative misconduct. Doc. 1-1 at ¶ 6; Doc. 1-2 at ¶ 7. Without the summaries, the DEA's investigative efforts will be compromised. Doc. 1-1 at ¶ 8; Doc. 1-2 at ¶ 9. There are no practical, readily available alternative means for the DEA to obtain the information

contained in the summaries. *Id.* The PDMP statute places the DEA in the proverbial "catch 22" by requiring that any information subpoenaed be directed toward the individual who received the prescriptions. *See* Colo. Rev. Stat. § 12-22-705(3)(e). The DEA cannot identify all individuals who may have been the subject of improper prescription-writing practices until it can review the entire list of such recipients in the prescription summaries.

The Colorado statute stands as an obstacle to the DEA's efforts to obtain information it needs to enforce federal drug laws. Federal law preempts state law in this context. *See, e.g., United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950) (judicial enforcement of administrative subpoena proper where "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant . . ."); *Center for Legal Advocacy v. Hammons*, 323 F.3d 1262, 1273 (10th Cir. 2003) (federal Protection and Advocacy for Mentally Ill Individuals Act, which allowed investigating entity to access peer review and quality assurance records, conflicted with Colorado statutes barring disclosure of such records and therefore preempted the Colorado statutes)*; United States ex rel. Agency for Int'l Dev. v. First National Bank of Maryland*, 866 F. Supp. 884, 887 (D. Md. 1994) (state law preempted where it stood in the way of execution of a subpoena issued by federal Office of Inspector General). *See also, e.g., United States v. Wagoner County Real Estate*, 278 F.3d 1091, 1096 (10th Cir. 2002) (Oklahoma law related to forfeiting homestead property preempted by federal forfeiture law "in direct conflict" with the state statute).

6

The Court should order the Board to comply with the subpoenas because "[r]eliance on state statutes to excuse non-compliance with federal laws is simply unacceptable under the Supremacy Clause." *Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1233 (10th Cir. 2009). To require the DEA to comply with the PDMP statute places an unreasonable burden on federal law enforcement efforts.[1] The DEA should not be prohibited by the technicalities of a Colorado statute from executing subpoenas validly issued pursuant to its authority under federal law. Federal preemption of the PDMP statute is necessary to carry out the congressional intent underlying 21 U.S.C. § 876.

## CONCLUSION

For the foregoing reasons, petitioner the United States Department of Justice, Drug Enforcement Administration, respectfully requests that this Court order the Colorado Board of Pharmacy to respond to DEA subpoenas numbers MK-10-318078, MK-10-358862 and MK-10-355808.

---

[1] Notably, the Board does not state that producing the summaries would impose an undue burden on the Board. *See generally* Doc. 13.

Respectfully submitted this 6th day of August, 2010.

                              DAVID M. GAOUETTE
                              United States Attorney

                              s/ *Susan Prose*
                              SUSAN PROSE
                              Assistant United States Attorney
                              1225 Seventeenth Street, Suite 700
                              Denver, CO  80202
                              Telephone:  (303) 454-0100
                              Fax: (303) 454-0407
                              E-mail: susan.prose@usdoj.gov

                              Counsel for Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on <u>August 6</u>, 2010, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail address:

    Jack M. Wesoky, Senior Assistant Attorney General
    jack.wesoky@state.co.us

`

                                           s/ *Susan Prose*
                                           *Susan Prose*
                                           United States Attorney's Office