IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   10-cv-01116-WYD-MEH

UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,

    Petitioner,

v.

COLORADO BOARD OF PHARMACY,

    Respondent.

---

ORDER AFFIRMING RECOMMENDATION AND GRANTING PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS ISSUED BY THE DRUG ENFORCEMENT ADMINISTRATION

---

This matter is before the Court on the Petition to Enforce Administrative Subpoena Issued by the Drug Enforcement Administration, filed May 13, 2010 [ECF No. 1] ("Petition").  The matter was referred to Magistrate Judge Hegarty by Special Order of Reference dated May 21, 2010 [ECF No. 5], and Magistrate Judge Hegarty issued a Recommendation on August 13, 2010 [ECF No. 15], which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), D.C.COLO.LCivR. 72.1(C)(1).  Magistrate Judge Hegarty recommends therein that the Petition be granted.

Magistrate Judge Hegarty advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation.  Despite this advisement, no objections were filed by any party.  No

objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. In this case, Petitioner seeks an order enforcing three administrative subpoenas issued by the United States Drug Enforcement Administration ("DEA") to the Colorado Board of Pharmacy ("Board"). The Board contends that it may not respond to the subject subpoenas because doing so would violate C.R.S. §§ 12-22-701-709 ("Electronic Monitoring of Prescription Drugs"). I agree with Magistrate Judge Hegarty that the state statute relied upon by the Board, specifically C.R.S. § 12-22-705(3), conflicts with and is preempted by 21 U.S.C. § 876(a), the section of the Controlled Substances Act pursuant to which the DEA issued the subpoenas in this case. Accordingly, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge Hegarty dated August 13, 2010 [ECF No. 15], is **AFFIRMED and ADOPTED**. In accordance

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

therewith, it is hereby

ORDERED that the Petition to Enforce Administrative Subpoenas Issued by the Drug Enforcement Administration, filed May 14, 2010 [ECF No. 1], is **GRANTED.** It is

FURTHER ORDERED that the Colorado Board of Pharmacy shall deliver all responsive information sought in subpoenas *duces tecum* numbers MK-10-318078, MK-10-358862 and MK-10-355808, to the Drug Enforcement Administration on or before **Friday, September 17, 2010**.

Dated: September 3, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge